UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIRK DOUGLAS WILLIAMS,

        Plaintiffs,

    v.

JOYY, INC., et al.,

        Defendants.

No.  2:25–cv–03351-DC–CKD PS

ORDER GRANTING IFP AND DISMISSING WITH LEAVE TO AMEND

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).  Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry.  Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004). Also, "[t]he

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

I.       Plaintiff's Litigation History

Court records show that plaintiff has filed thirteen cases in this district, beginning with a 2009 habeas petition challenging his 2006 conviction and sentence on charges of spousal abuse, assault with a deadly weapon, false imprisonment, and making criminal threats.  Williams v. Grounds, 2:09-cv-02968 JAM CKD (E.D. Cal.) (petition denied December 8, 2015).  In 2023, he filed another habeas petition challenging his 2021 conviction and sentence for assault with a deadly weapon; that case is pending.  Williams v. Jones, 2:23-cv-01862 DC JPD (E.D. Cal.).

Plaintiff has also filed 11 eleven civil cases, six of which have been dismissed by the court.  Williams v. Craig, 2:92-cv-01940 EJG JFM (E.D. Cal.) (dismissed, ECF No. 13); Williams v. Felker et al., 2:08-cv-00878 LKK GGH (E.D. Cal.) (dismissed with prejudice for failure to state a claim, ECF No. 69); Williams v. Cate, et al., 2:08-cv-2242-SRT (E.D. Cal. (motion to dismiss granted, ECF No. 49); Williams v. State of California, 2:10-cv-02893 KJM CKD (E.D. Cal.) (dismissed for failure to amend, ECF No. 56); Williams v. McDonald's Corp., 2:20-cv-01214 TLN DB (E.D. Cal.) (motion to dismiss granted, ECF No. 60); Williams v. Sheriff Department, Sacramento, 2:24-cv-00673 DJC AC (E.D. Cal.) (dismissed for failure to state a claim, ECF No. 9).  Two other cases were dismissed voluntarily.  Williams v. Wells Fargo Bank, N.A., 2:20-cv-00518-JAM-EFB (dismissed pursuant to stipulation, ECF No. 7); Williams v. Amazon.com, Inc., 2:20-cv-00513 TLN JDP (voluntary dismissal, ECF No. 5).  The remaining three cases, including the instant case, were filed in late 2025 and are pending.  Williams v. Jack in the Box, 2:25-cv-2980 DC CSK (E.D. Cal.); Williams v. Bytedance Ltd. et al., 2:25-cv-3353 DJC CSK (E.D. Cal.).

Although the court will grant in forma pauperis status in this action, it "acknowledges the possibility that Plaintiff's application to proceed in forma pauperis may be denied in future similar filings based on his frivolous/abusive filing practices."  Gradford v. Gray, 1:22-cv-01304 SAB, 2023 WL 2602271, *8, n.1 (E.D. Cal. March 22, 2023) (citing Butler v. Dept. of Justice,

492 F.3d, 445-47 (D.C. Cir. 2007) (concluding that "prolific filer" who made a "pastime" of federal litigation could file future cases "on his own dime.")).

II.    Venue

In the complaint, plaintiff alleges that venue is proper under 28 U.S.C. § 1391(b)(2), as plaintiff resides in Sacramento and the alleged harm occurred within this district.  (ECF No. 3 at 5.)  Section 1391(b)(2) provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]"  Plaintiff asserts claims under the Americans with Disabilities Act (ADA) and California Unruh Rights Act based on his alleged inability to use defendants' social media platform, Bigo Live, due to its inaccessibility to blind people.  The events in question presumably took place at plaintiff's residence.  However, the complaint does not allege when or where these events occurred.

In late 2025, plaintiff updated his address in all pending cases to 500 Capitol Mall, Ste. 2350, Sacramento, 92105.  However, this downtown building appears to be a business address.  In the instant complaint, plaintiff states that he also resides at 4009 Home Ave, Suite #15, in San Diego, 95814.  (ECF No. 3 at 5.)

Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run.  Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).  Section 1391(b) of Title 28 of the U.S. Code provides, in pertinent part, that a "civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]"  28 U.S.C. § 1391(b); Costlow, 790 F.2d at 1488; Decker Coal Co. v. Commonwealth Edison Co., 805 F.3d 834, 842 (9th Cir. 1986).  Section 1391(b)(2) "does not require that a majority of the 'events or omissions' occur in the district where suit is filed; nor that the events there predominate.  It is sufficient that a 'substantial part' occur there."  Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial § 4:316, citing Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371 (11th Cir. 2003) (other citations omitted).

Here, in light of plaintiff's dual residences, it is not clear from the complaint that "a substantial part" of the alleged events occurred in this judicial district. The court will dismiss the complaint with leave to amend so that plaintiff may sufficiently allege venue in this district, if applicable. Also, to ensure there is not duplicative litigation taking place both this district and Southern District of California, the court will order plaintiff to file a list of any pending or closed cases he has filed in that district.

III.     Screening Requirement

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v.

4

Allain, 478 U.S. 265, 283 (1986).  The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations."  Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. (ADA), provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  To state a claim under Title II of the ADA, "the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability."  Karam v. Meta Platforms, Inc., 2025 WL 3079048, *4 (N.D. Cal. Nov. 4, 2025) (citing Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007)).

Here as in Karam, "[p]laintiff fails to state a claim because [the digital platform Bigo Live] is not a 'place of public accommodation' under the ADA because it is not a physical location."  Id., citing Weyer v. Twentieth Century Fox Film Corp., 198 F.3d 1104, 1114 (9th Cir. 2000) (interpreting "place of public accommodation" to require "some connection between the good or service complained of and an actual physical place"); Lloyd v. Facebook, Inc., No. 23-15318, 2024 WL 3325389, at *1 (9th Cir. July 8, 2024) ("We agree with the district court that the ADA claim fails because Facebook is not a place of public accommodation.").  In addition, plaintiff's brief and conclusory allegations (which do not include places, dates, or number of times he was allegedly unable to access and use defendants' social media platform) are not specific enough to meet federal pleading standards.

IV.    Standards for Amendment

If plaintiff elects to file an amended complaint, this new pleading shall:

i.    be captioned "First Amended Complaint";
ii.    be limited to 20 pages, with text utilizing a font size of 12 Times New Roman or equivalent and double spacing (*pages exceeding the 20-page limit will be summarily stricken and will not be considered part of plaintiff's operative pleading*);

5

iii.    use numbered paragraphs;

iv.    set forth his various claims in separate sections and clearly identify which defendants are allegedly at fault for each claim (e.g., Claim I against defendants X, Y, and Z, Claim II against defendants R and S, etc.);

v.    under each section, list the factual allegations supporting that particular claim (for brevity, plaintiff may refer to specific prior paragraphs [i.e. "See ¶¶ 25, 34, and 42"], but in no case shall plaintiff "incorporate all preceding paragraphs" for any claims);

vi.    include a general background facts section to orient the reader only as necessary;

vii.    include his statements for jurisdiction, venue, and relief sought as is necessary;

viii.    omit exhibits, documents, photos, or other such "evidence" of his claims (except for any contracts on which she bases any breach of contract claim);

ix.    refrain from alleging redundant, immaterial, impertinent, or scandalous matters; and

x.    address any other pleading deficiencies outlined above.

This amended complaint shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

V.    <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff is granted 28 days from the date of this order, plaintiff shall file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice;

3. Along with any amended complaint, plaintiff shall submit a list of all cases he has filed in the Southern District of California, including case numbers and whether they are closed or pending; and

4. Failure to file either an amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: January 20, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/wilt2060.ifp-wlta